UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JASON THOMAS PARSONS,<br><br>    Plaintiff,<br><br>    v.<br><br>SAN JOSE POLICE DEPARTMENT, et al.,<br><br>    Defendants. | Case No. 22-cv-04691-WHO (PR)<br><br>**ORDER DISMISSING COMPLAINT WITH LEAVE TO AMEND**<br><br>Dkt. Nos. 3 and 18 |

**INTRODUCTION**

Plaintiff Jason Thomas Parsons's 42 U.S.C. § 1983 complaint contains allegations against the police officers, the judges and others involved in his arrest, trial, and conviction. However, his claims of false arrest, malicious prosecution, unconstitutional sentence, denial of bail, and so forth, are barred by Supreme Court precedent and must be dismissed.

Parsons's claims that unknown San Jose police officers used excessive force during his arrest are not barred. He must, however, provide their names. Accordingly, his complaint is DISMISSED with leave to file an amended complaint on or before **March 1, 2023**. He may also file a motion to stay his excessive force claims.

All other claims and defendants are DISMISSED.

**DISCUSSION**

**A.    Standard of Review**

A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a

governmental entity.  *See* 28 U.S.C. § 1915A(a).  In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief.  *See id.* § 1915A(b)(1), (2).  Pro se pleadings must be liberally construed.  *See Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988).

A "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Id.* (quoting *Twombly*, 550 U.S. at 556).  Furthermore, a court "is not required to accept legal conclusions cast in the form of factual allegations if those conclusions cannot reasonably be drawn from the facts alleged."  *Clegg v. Cult Awareness Network*, 18 F.3d 752, 754–55 (9th Cir. 1994).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements:  (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law.  *See West v. Atkins*, 487 U.S. 42, 48 (1988).

**B.    Legal Claims**

Parson alleges that San Jose police officers, state court judges, court clerks, public defenders and others are liable for malicious prosecution, false arrest, denial of bail, the imposition of an unconstitutional sentence of 150 years, denial of his right to a speedy trial, committing trial errors, and so forth.  (Compl., Dkt. No. 1 at 1-37.)

Parson's suit is barred by *Heck v. Humphrey*, 512 U.S. 477 (1994).  *Heck* bars section 1983 actions for damages for an allegedly unconstitutional conviction or imprisonment or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid.  *Id.* at 486-487.  When a state prisoner seeks damages in a section 1983 suit, the district court must therefore consider whether a judgment in favor of

1  the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it
2  would, the complaint must be dismissed unless the plaintiff can demonstrate that the
3  conviction or sentence has already been invalidated. *Id.* at 487. The *Heck* bar applies here
4  because a judgment that defendants committed the actions giving rise to his claims would
5  necessarily imply the invalidity of his convictions and sentence.

6        The *Heck* bar can be avoided if a plaintiff can prove that the conviction or sentence
7  has been reversed on direct appeal, expunged by executive order, declared invalid by a
8  state tribunal authorized to make such determination, or called into question by a federal
9  court's issuance of a writ of habeas corpus. *Id.* There has been no such showing here.

10        Even if *Heck* did not apply, Parsons's claims against most of the defendants would
11  have to be dismissed. A state judge is absolutely immune from civil liability for damages
12  for acts performed in his judicial capacity. *See Pierson v. Ray*, 386 U.S. 547, 553-55
13  (1967); *Duvall v. County of Kitsap*, 260 F.3d 1124, 1133 (9th Cir. 2001). So is the
14  prosecutor. he public defender would also have to be dismissed. *See Imbler v. Pachtman*,
15  424 U.S. 409, 430-31 (1976) (a state prosecuting attorney enjoys absolute immunity from
16  damages liability under 42 U.S.C. § 1983 for his conduct in "pursuing a criminal
17  prosecution" insofar as he acts within his role as an "advocate for the State" and his actions
18  are "intimately associated with the judicial phase of the criminal process.") The public
19  defender is not liable at all under section 1983. *See Polk County v. Dodson*, 454 U.S. 312,
20  318-19 (1981) (a public defender does not act under color of state law, an essential element
21  of an action under 42 U.S.C. § 1983, when performing a lawyer's traditional functions,
22  such as entering pleas, making motions, objecting at trial, cross-examining witnesses, and
23  making closing arguments.) Court clerks possess absolute quasi-judicial immunity from
24  damages for civil rights violations when they perform tasks that are an integral part of the
25  judicial process. *See, e.g., Moore v. Brewster*, 96 F.3d 1240, 1244 (9th Cir. 1996). And a
26  witness is absolutely immune from liability for his testimony in earlier state or federal
27  court proceedings even if he committed perjury. *See Briscoe v. LaHue*, 460 U.S. 325, 329-
28  46 (1983).

Parsons's allegations that unknown San Jose police officers used excessive force during his May 2020 arrest are not barred by *Heck*. (Compl., Dkt. No. 1 at 11-13.) He must, however, provide their names and describe each person's individual actions, or at least provide sufficient information for those individuals to be identified, before any claims against these persons can proceed.

## MOTIONS

Parsons's motion for a *Heck* dismissal without prejudice or a stay of proceedings is DENIED. (Dkt. No. 3.) His motion for the preservation of evidence is DENIED. (Dkt. No. 18.)

## CONCLUSION

The complaint is DISMISSED with leave to file an amended complaint on or before **March 6, 2023.** The amended complaint must include the caption and civil case number used in this order (22-04691 WHO (PR)) and the words FIRST AMENDED COMPLAINT must be written on the first page. <u>The amended complaint must also appear on this Court's form, a copy of which will be sent to him.</u> The amended complaint may be no longer than 10 pages, a limit that includes any exhibits or other attachments. Because an amended complaint completely replaces the previous complaints, plaintiff must include in his first amended complaint all the claims he wishes to present and all of the defendants he wishes to sue. *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992). He may not incorporate material from any prior complaints by reference. Failure to file an amended complaint in accordance with this order may in dismissal of this action under Federal Rule of Civil Procedure 41(b) for failure to prosecute.

The Clerk shall terminate Dkt. Nos. 3 and 18.

**IT IS SO ORDERED.**

**Dated:** February 3, 2023

WILLIAM H. ORRICK
United States District Judge